1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Bartlett Elliott,                            No. CV11-8008-PCT-DGC

                         Plaintiff,               **ORDER**
10

11   vs.

12   Nastow (Statutory Agent, Alex B. Vakula),

13                         Defendant.

14

15          Plaintiff Bartlett Elliott commenced this action by filing a pro se complaint against

16   Defendant on January 12, 2011.  Doc. 1.  Plaintiff has filed a motion to proceed in forma

17   pauperis.  Doc. 2.  The Court will dismiss the complaint without prejudice and deny the

18   motion as moot.

19   **I.      Dismissal of the Complaint.**

20          "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking."  *Fiedler v.*

21   *Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *see Franklin v. Or. State Welfare Div.*, 662 F.2d

22   1337, 1342 (9th Cir. 1981) (same).   "While a party is entitled to notice and an

23   opportunity to respond when a court contemplates dismissing a claim on the merits, it is

24   not so when the dismissal is for lack of subject matter jurisdiction."  *Scholastic Entm't,*

25   *Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see*

26   Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise

27   that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

28

1      "Federal courts are courts of limited jurisdiction.  They possess only that power
2  authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*,
3  511 U.S. 375, 377 (1994).  Pursuant to federal statutes, this Court has subject matter
4  jurisdiction over a case only if the complaint alleges a federal cause of action or the
5  amount in controversy exceeds $75,000 and the parties are citizens of different states.
6  *See* 28 U.S.C. §§ 1331, 1332(a).

7      Plaintiff's complaint must provide a statement of the grounds for the Court's
8  subject matter jurisdiction.  *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1)
9  a short and plain statement of the grounds upon which the court's jurisdiction
10 depends[.]").  The complaint alleges violation of Plaintiff's constitutional rights, but does
11 not specify the statutory basis for jurisdiction.  *See* 28 U.S.C. § 1331; 42 U.S.C. §  1983.
12 Nor does the complaint assert that the parties are citizens of different states.  *See* 28
13 U.S.C. § 1332(a).  The Court accordingly will dismiss the complaint for lack of subject
14 matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming
15 *sua sponte* dismissal of claims that did not state a federal cause of action); *Kokkonen*, 511
16 U.S. at 377 (courts must presume lack of jurisdiction until the plaintiff proves otherwise).

17 **II.     Leave to Amend the Complaint.**

18     "A pro se litigant must be given leave to amend his or her complaint unless it is
19 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
20 *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In this case,
21 Plaintiff could cure the jurisdictional defect by asserting claims under federal statutes.
22 The Court will dismiss the complaint without prejudice and allow Plaintiff to file an
23 amended complaint that properly invokes this Court's jurisdiction.  Plaintiff shall have
24 until **March 28, 2011** to file an amended complaint.

25 **III.    Plaintiff's Obligations.**

26     Plaintiff must become familiar with, and follow, the Federal Rules of Civil
27 Procedure and the Rules of the United States District Court for the District of Arizona
28 ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of

1    the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil

2    Procedure.   Rule 8(a) provides that a complaint "shall contain (1) a short and plain

3    statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and

4    plain statement of the claim showing that the pleader is entitled to relief, and (3) a

5    demand for judgment for the relief the pleader seeks."   Fed. R. Civ. P. 8(a).   These

6    pleading requirements shall be set forth in separate and discrete paragraphs.   Rule 8(e)

7    provides that each such paragraph "shall be  simple, concise, and direct."  Fed. R. Civ. P.

8    8(e)(1).  The forms contained in the Appendix to the Federal Rules of Civil Procedure –

9    which include forms regarding jurisdictional statements and sample complaints on

10   various causes of action – "are sufficient under the rules and are intended to indicate the

11   simplicity and brevity of statement which the rules contemplate."  Fed. R. Civ. P. 84.

12           The amended complaint must give Defendants fair notice of what Plaintiff's

13   claims are and the grounds upon which they are based.  *See Holgate v. Baldwin*, 425 F.3d

14   671, 676 (9th Cir. 2005).  This includes some factual basis for the claims and the specific

15   legal theory supporting each claim.   *See id.*; Fed. R. Civ. P. 8(a)(2).   The amended

16   complaint must also provide a clear statement of this Court's jurisdiction and the relief

17   Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(1), (3).

18           Plaintiff is further advised that if he fails to prosecute this action or comply with

19   the rules or any Court order, the Court may dismiss the action with prejudice pursuant to

20   Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

21   **IV.     Plaintiff's Motion to Proceed In Forma Pauperis.**

22           Because the complaint will be dismissed for lack of jurisdiction, the Court will

23   deny as moot Plaintiff's motion to proceed in forma pauperis.  Plaintiff may file another

24   motion to proceed in forma pauperis if he decides to file an amended complaint as

25   permitted by this order.  Plaintiff is advised that his supporting financial affidavit must be

26   complete.  The instant affidavit is not signed by Plaintiff.  *See* Doc. 2 at 1.

27           **IT IS ORDERED:**

28           1.       Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice for lack of

1    subject matter jurisdiction.

2         2.     Plaintiff has until **March 18, 2011** to file an amended complaint.   The

3    Clerk shall terminate this action without further notice if Plaintiff fails to comply with

4    this deadline

5         3.     Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied** as moot.

6         Dated this 24th day of February, 2011.

7

8

9

10   _____
                        David G. Campbell
11                      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -